**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN C. THIGPEN,<br><br>            Plaintiff,<br><br>   v.<br><br>ASTRAZENECA PHARMACEUTICALS,<br>L.P., *et al.*,<br><br>            Defendants.<br>                                                              / | No. C 06-01817 WHA<br><br>**ORDER DISMISSING CASE<br>WITHOUT PREJUDICE<br>AND FINDING AS<br>MOOT DEFENDANTS'<br>MOTION TO STAY** |

Plaintiff filed his complaint on March 9, 2006. Defendants answered the complaint on July 14, 2006. This action was reassigned to the undersigned judge from Magistrate Judge Chen on August 15, 2006, after defendants declined consent to proceed before a Magistrate Judge.

On July 12, prior to reassignment, plaintiff had requested voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2). On August 1, also prior to reassignment but after plaintiff's request for voluntary dismissal, defendants moved to stay this action pending a transfer determination by the Judicial Panel on Multidistrict Litigation.

"A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001). This district court has recently noted some of the considerations that *fail* to constitute plain legal prejudice:

> "[U]ncertainty because a dispute remains unresolved or because the threat of future litigation . . . causes uncertainty does not result in plain legal prejudice.  Also, plain legal prejudice does not result merely because the defendant will be inconvenienced by having to defend in another forum or where a plaintiff would gain a tactical advantage by that dismissal."  Furthermore, "the expense incurred in defending against a lawsuit does not amount to legal prejudice."

*Williams v. Peralta Cmty. Coll. Dist.*, 227 F.R.D. 538, 539 (N.D. Cal. 2005) (quoting *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996)).

It seems the only possible "prejudice" that could come to defendants from permitting voluntary dismissal is the possibility of plaintiff re-filing this action again in this forum.  This might result in the small added expense of having to notice the action again for transfer to the MDL Panel.  It might also provide a slight tactical advantage to plaintiff to stay in this forum, if the MDL Panel ultimately determines no further transfers are to be accepted.  These potential problems, however, fail to constitute plain legal prejudice under the authority cited above.

Furthermore, plaintiff's request was filed *prior* to defendants' motion to stay this action.  The question of dismissal should, therefore, be decided in advance of the stay motion.

Defendants' motion is moot and is, therefore, **DENIED**.  Plaintiff's request for voluntary dismissal is **GRANTED**.  Given the absence of undue hardship to defendants, the dismissal is without prejudice.  *Williams*, 227 F.R.D. at 539–40.

**IT IS SO ORDERED.**

Dated:  August 28, 2006

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2